ROBERT R. AND BONNIE D. BUFFINGTON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Buffington v. Commissioner
Docket No. 7277-86
United States Tax Court
T.C. Memo 1989-170; 1989 Tax Ct. Memo LEXIS 174; 57 T.C.M. (CCH) 129; T.C.M. (RIA) 89170; April 17, 1989. William *175 A. Bowles, for the petitioners. Donald E. Edwards, for the respondent. NIMS
MEMORANDUM FINDINGS OF FACT AND OPINION NIMS, Chief Judge: This case was assigned to Special Trial Judge John J. Pajak pursuant to section 7443A(b) of the Code and Rules 180, 181 and 183. The Court agrees with and adopts his opinion which is set forth below. PAJAK, Special Trial Judge: Respondent determined deficiencies in petitioner Robert R. Buffington's Federal income taxes and additions to taxes as follows: Additions to Tax Under Sections
Year
Deficiency
6653(b)
6653(b)(1)
6653(b)(2)
6661
1981
$ 13,812
$ 6,906
--
--   1982
10,024
$ 5,012
*
$ 1,002
1983
5,702
2,851
*
570
Respondent determined deficiencies in petitioner Bonnie D. Buffington's Federal income taxes as follows: Additions to Tax
Year
Deficiency
Under Section 6661
1981
$ 13,812
-
1982
10,024
$ 1,002
1983
5,702
570
All section numbers refer to the *176 Internal Revenue Code in effect for the taxable years in issue. All rule numbers refer to the Tax Court Rules of Practice and Procedure. Respondent filed a Motion for Summary Judgment pursuant to Rule 121. The Court by Order directed that petitioners file a Response to respondent's Motion for Summary Judgment. Petitioners have not filed a Response to respondent's motion. Respondent moved for summary judgment based on the Court's October 27, 1986 Order which deemed admitted material allegations of fact related to the deficiencies and additions to tax which were raised in respondent's answer and to which petitioners did not reply. Rule 37(a) and (c). The deemed admissions establish conclusively that the fraud additions to tax should be applied to petitioner Robert R. Buffington (petitioner) but not to petitioner Bonnie D. Buffington. During 1981, 1982, and 1983, petitioner was an insurance broker/agent for several insurance companies. During these years, petitioner reported $ 24,579, $ 32,400, and $ 44,144 as gross income and claimed deductions of $ 19,917, $ 23,767, and $ 40,218, respectively, in connection with his insurance sales activities. During 1981, 1982, and 1983, *177 petitioner received gross receipts from these insurance companies of $ 57,977, $ 57,249, and $ 15,422 which he did not report as gross receipts on his tax returns. In addition, petitioner overstated deductions for employee business expenses and miscellaneous expenses for these years in the amounts of $ 4,843, $ 3,672, and $ 22,944, respectively. Petitioner also failed to report wages of $ 2,561 and $ 674 in 1981 and 1982, respectively, and failed to report $ 16 of interest income in 1981. Petitioner's failure to report the full amounts of gross receipts, wages and interest income earned during 1981, 1982, and 1983 was fraudulent with a specific intent to evade his correct tax liabilities. Petitioner's overstatement of the employee business expenses and miscellaneous expenses incurred by him in his insurance sales activity for these years was fraudulent with a specific intent to evade his correct tax liabilities. Petitioner's fraudulent omission of specific items of income on his income tax returns filed for 1981, 1982, and 1983 was part of a three-year pattern of intent to evade taxes. Petitioner's fraudulent overstatement of the deductions properly allowable to him in his insurance *178 sales activity was part of a three-year pattern of intent to evade taxes. Petitioner knowingly made false and fraudulent statements to respondent's agents as part of his attempt to evade his correct tax liabilities for 1981, 1982, and 1983. Petitioner's failure to produce records or other information in connection with the examination of his income tax returns for these years was fraudulent with intent to evade tax. Petitioner understated his taxable income on his income tax returns for 1981, 1982, and 1983 in the amounts of $ 43,164, $ 44,032, and $ 38,131, respectively. Petitioner understated his income tax liabilities on his income tax returns for 1981, 1982, and 1983 in the amounts of $ 13,812, $ 10,024, and $ 5,702, respectively. Petitioner's deficiencies in income tax for these years are due to fraud with intent to evade taxes. Respondent has met his burden of proof with respect to the fraud issue for 1981, 1982, and 1983 by means of the evidence deemed admitted. . Respondent also requested an increase in the additions to tax for petitioner Robert R. Buffington (petitioner) under section 6661 from *179 $ 1,002 to $ 2,506 and from $ 570 to $ 1,425.50 for 1982 and 1983, respectively, based on the Omnibus Budget Reconciliation Act of 1986 (OBRA 86), sec. 8002, Pub. L. 99-509, 100 Stat. 1874, 1951. In his motion for summary judgment, respondent limited these additions to tax to petitioner and conceded them as to petitioner Bonnie D. Buffington. This Court has jurisdiction to increase additions to tax if such claim is asserted by the Secretary at or before the hearing. Sec. 6214(a). Respondent asserted his claim for the increased additions to tax in his motion for summary judgment prior to any hearing. A motion for summary judgment may be disposed of by "such action as the Court in its discretion deems appropriate, on such prior notice * * * which the Court may consider reasonable." Rule 50(b)(3). This Court may take action "with or without written response, hearing, or attendance of a party to the motion at the hearing." Rule 50(b)(3). The Court ordered petitioners to file a Response to respondent's Motion for Summary Judgment. Petitioners failed to file a Response. Thus, the Court has decided to take action on respondent's motion without a hearing. Rule 50(b)(3). Section *180 6661(a) originally provided for an addition to tax of 10 percent. In 1986, Congress passed OBRA 86 which amended section 6661(a) and provided for an addition to tax of 25 percent. The assessment of the section 6661 addition to tax must be made after October 21, 1986 before the increased rate applies. OBRA 86, sec. 8002, Pub. L. 99-509, 100 Stat. 1874, 1951. Since assessment is not allowed until after our decision becomes final, the assessment of the section 6661 additions obviously will occur after October 21, 1986. Sec. 6213. This is purely a legal issue. . We find the increased rate of 25 percent is applicable as to petitioner for these years. Rule 121(b) provides that a decision shall be rendered "if the pleadings * * * and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." In his answer, respondent's net adjustments to income for each year were $ 1, $ 99, and $ 76 less than the net adjustments to income in the notice of deficiency for 1981, 1982, and 1983, respectively. *181 We deem these minor differences in the net adjustments to income as concessions in favor of petitioners. There is no genuine issue of material fact before us and consequently summary judgment is appropriate in this case. Respondent's motion will be granted to the extent respondent has not made concessions in the net adjustments in income. It will be necessary to have a Rule 155 computation for all three years. Decision will be entered under Rule 155.
Footnotes
*. 50% of the interest due on the underpayments of tax due to fraud of $ 10,024 and $ 5,702 for 1982 and 1983, respectively.↩